UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Randy Burris, | ) | C/A No. 6:18-0102-JFA-KFM |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| South Carolina Department of Corrections, | ) | |
| Defendant. | ) | |

The *pro se* plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC"). He brought that action pursuant to 42 U.S.C. § 1983 alleging a claim of denial of medical assistance by the defendant.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for lack of prosecution.

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

By order of January 25, 2018 (ECF No. 5), the plaintiff was advised by the Magistrate Judge that his case was not in proper form and was provided instructions and forms to bring

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

the case into proper form for judicial screening. The plaintiff was advised that if he failed to respond, his action would be subject to summary dismissal for failure to prosecute. The plaintiff did not respond to the Magistrate Judge's order.

On March 7, 2018, another order was entered by the Magistrate Judge (ECF No. 8) allowing the plaintiff until March 28, 2018 to bring the case in to proper form. The plaintiff was again advised that if he failed to respond, this action would be subject to dismissal for failure to prosecute. The plaintiff did not respond to the Magistrate Judge's second order.

The plaintiff was also notified of his right to file objections to the Report and Recommendation now before the court (ECF No. 11), which was entered on the docket on April 20, 2018. However, the plaintiff did not file objections and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge has allowed the plaintiff ample time and opportunity to respond to the court's orders and the plaintiff has failed to do so. A review of the docket does not reveal any returned mail or change of address notices from the plaintiff.

This court agrees with the Magistrate Judge that the plaintiff meets the criteria for dismissal under Rule 41(b). *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989); *Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978).

After carefully reviewing the applicable laws and the record in this case, this court

accepts the Magistrate Judge's Report and Recommendation and finds that the Report fairly and accurately summarizes the facts and applies the correct principles of law.

Accordingly, this action is dismissed with prejudice for lack of prosecution pursuant to Rule 41(b).

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

May 21, 2018
Columbia, South Carolina